IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRINA GORDON,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:22-cv-1884 |
| v. | : | |
| | : | (Judge Rambo) |
| **WENDY NICHOLAS,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Trina Gordon, who is currently incarcerated at the State Correctional Institution in Muncy, Pennsylvania (SCI Muncy), initiated the above-captioned *pro se* action under 42 U.S.C. § 1983.[1] Gordon claims that she is being subjected to unconstitutional conditions of confinement in violation of her Eighth Amendment rights. The Court will dismiss Gordon's Section 1983 lawsuit pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will grant her leave to amend.

## I.  BACKGROUND

Gordon's complaint is brief and straightforward. She alleges that the toilets in her cells are, and have been, malfunctioning since August 2021 to the present. (Doc. No. 1 at 4.) She asserts that "raw sewage is coming up" in her toilet when her

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

neighbor flushes, causing "feces, urine, [and] toilet paper" to touch her vagina if she is sitting on the toilet and her inmate-neighbor flushes her toilet. (*Id.*) Gordon further asserts that these conditions have caused urinary tract infections with multiple different types of bacteria. (*Id.*)

Gordon names as defendants superintendent Wendy Nicholas, deputy of facility management William Frantz, deputy of centralized services Nichole McKee, unit manager Riebsome, and corrections maintenance manager R. Harding. (*Id.* at 2-3.) She asserts that her Fourth, Eighth, and Fourteenth Amendment rights have been and are being violated. (*Id.* at 5.)

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*,

763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in

original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Gordon proceeds *pro se*, her pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Gordon, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

### III. DISCUSSION

"The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Gordon asserts that her Fourth, Eighth, and Fourteenth Amendment rights are being violated. She does not, however, explain how her allegations implicate the Fourth Amendment, nor can the Court conceive of any connection. Moreover, her

complaint is clearly setting forth a conditions-of-confinement claim under the Eighth Amendment as made applicable to the states through the Fourteenth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 333-34 (1981) (citation omitted). The Court, therefore, will consider whether Gordon has plausibly stated a conditions-of-confinement claim against any named Defendant.

### A. Eighth Amendment Conditions-of-Confinement Claim

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, warmth, or exercise." *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements. *See id.* Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Subjectively, the prisoner must show that "the prison official acted with

deliberate indifference" to the prisoner's "health or safety." *Id.* (citing *Farmer*, 511 U.S. at 834). Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

Gordon's complaint identifies a sufficiently serious deprivation. A lengthy confinement in unsanitary conditions that creates a health risk is clearly a deprivation that rises to the level of constitutional concern. *See, e.g.*, *Hutto v. Finley*, 437 U.S. 678, 686 (1978); *Young v. Quinlan*, 960 F.2d 351, 359, 364 (3d Cir. 1992), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000).

Where Gordon's complaint falls short is plausibly pleading the subjective element of her conditions-of-confinement claim: deliberate indifference to a prisoner's health or safety. Gordon does not include any allegations against the named Defendants that would establish that they were deliberately indifferent to the plumbing issues in her cell and therefore could be liable for violating her Eighth Amendment rights. Gordon provides a single statement that she "wrote [her] chain of command and filed a grievance," (Doc. No. 1 at 4), but this vague statement does not indicate that any named Defendant was aware of her conditions of confinement and failed or refused to take action. This pleading deficiency bleeds into an

additional, related reason why her complaint fails to state a claim for relief: lack of personal involvement.

## B.  Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).  Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  *Id.* (quoting *Rode*, 845 F.2d at 1207).  Moreover, it is settled law that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain

defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Gordon's complaint fails to include allegations of personal involvement as to any named Defendant. In fact, the various Defendants' names appear only in the caption and defendant-identification section of her form complaint. (*See* Doc. No. 1 at 1-3.) Gordon does include a copy of a grievance that she submitted to defendant Riebsome about the plumbing issues, but involvement in the grievance process alone does not implicate a constitutional violation. Moreover, it appears that Riebsome promptly responded to Gordon's grievance, stating that "maintenance is aware of the plumbing issues and they hope to get to them sometime soon." (Doc. No. 1-2.) Consequently, Gordon's complaint must be dismissed because she fails to plausibly plead personal involvement by any named Defendant in the alleged constitutional violation.

C. **Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Leave to amend will be granted because it is possible that Gordon could cure the deficiencies identified herein and state a plausible conditions-of-confinement claim. If Gordon chooses to file an amended complaint, she must cure the deficiencies explained in

this Memorandum. Her amended complaint should be a stand-alone document without reference to any previous pleading.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Gordon's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

                                                                              s/ Sylvia H. Rambo
                                                                     United States District Judge

Dated: January 5, 2023